```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


William Oney, et al.,         :

        Plaintiffs,           :

   v.                         :      Case No. 2:11-cv-00350

Densile Beji, et al.,         :      JUDGE EDMUND A. SARGUS, JR.
                                     Magistrate Judge Kemp
        Defendant.            :
```

OPINION AND ORDER

Plaintiffs William Oney and Jean Oney filed this personal injury action against Defendants seeking compensation for injuries allegedly arising from a motor vehicle accident. This Opinion and Order will address two of the motions that are pending before the Court.

First, Plaintiffs William and Jean Oney filed a motion to compel joinder of the United States Department of Health and Human Services ("DHHS") as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure. In the alternative, Plaintiffs have moved for leave to file an Amended Complaint joining DHHS as a defendant. This motion has been fully briefed. For the reasons that follow, Plaintiffs' motion will be denied.

Second, Defendant Densile Beji filed a motion to dismiss Plaintiffs' action pursuant to Rule 12(b)(5) for failure to complete service within one hundred twenty (120) days after the complaint was filed. This motion has also been fully briefed. For the reasons that follow, Defendant Beji's motion will be denied and the Court will extend time for service.

I. Motion for Joinder

Plaintiffs seek to join DHHS as a necessary party under Rule 19(a)(1). The existing parties to this action are Plaintiff

William Oney, the driver of the first vehicle involved in the accident, Plaintiff Jean Oney, his wife, and Defendants Densile Beji, Larry Davis, and TNG Transportation, Inc., who are alleged to be the driver and owners of the second vehicle involved in the accident, respectively.  The Oneys assert that Medicare has made conditional payments for Mr. Oney's benefit and that they and Defendants are obligated to reimburse DHHS for those conditional payments.  The Oneys also dispute the amount of conditional payments that were made.  Consequently, they argue that if DHHS is not joined, the existing parties to this suit may be subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Federal Rule of Civil Procedure 19(a)(1) specifies persons who are required to be joined if feasible.  It begins with the requirement that the person be "subject to service of process." Fed. R. Civ. P. 19(a)(1).  Rule 19 does not "extend or limit the jurisdiction of the United States district courts . . . ."  Fed. R. Civ. P. 82.  Accordingly, Rule 19 cannot authorize joinder of a party over whom this Court lacks jurisdiction.  See, e.g., Dawavendewa v. Salt River Project Agr. Imp. And Power Dist., 276 F.3d 1150 (9th Cir. 2002) (holding that party could not be joined pursuant to Rule 19 because the party enjoys sovereign immunity from suit).  Therefore, the initial question before the Court is whether DHHS enjoys sovereign immunity from the claim which the Oneys intend to assert.  If so, the Court lacks jurisdiction to order its joinder.

The United States, as sovereign, "is immune from suit, save as it consents to be sued . . . ."  United States v. Sherwood, 312 U.S. 584, 586 (1941); see also United States v. Dalm, 494 U.S. 596, 607 (1990) (quotations and citations omitted); Ellison v. United States, 531 F.3d 359, 361 (6th Cir. 2008).  This

immunity extends to DHHS, an agency of the United States.  See, e.g., Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993) (citations omitted).  Waivers of sovereign immunity must be unequivocally expressed in statutory text and construed strictly in the government's favor.  Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted).

Here, the Oneys have not pointed to any waiver of DHHS's sovereign immunity, nor is the Court aware of any that would apply in this case.  Indeed, the Social Security Act "channels most, if not all, Medicare claims through [the] special review system [described in the Act]," and precludes suits that do not follow the procedures set forth therein.  Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 8 (2000) (citing 42 U.S.C. §405(h)).  As a result, the Court cannot order DHHS's joinder pursuant to Rule 19, nor can the Oneys sue DHHS directly in this action.

For these reasons, the Oneys' motion for joinder of DHHS is denied.  Further, because amending the complaint to add DHHS as a defendant would be futile since DHHS has not waived immunity, their alternative request for leave to amend the complaint is also denied.

## II.  Motion to Dismiss

Defendant Densile Beji, who is alleged to be the driver of the vehicle that caused the accident described in the complaint, filed a motion to dismiss for insufficient service of process.  The Oneys filed the complaint in this action in state court on March 18, 2011, and Defendants subsequently removed this case to Federal Court.  The parties are in agreement that the Oneys have not served Densile Beji and that he has not waived service.  They also appear to agree that the Oneys do not currently have a valid address for him.

      Rule 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

      The Oneys have provided evidence of their efforts to obtain a waiver of service from Defendant Beji. In addition, they have asserted that they expect that Defendants' responses to outstanding discovery requests will include a valid address for Defendant Beji so that they can complete service. Accordingly, this Court will extend the time for Plaintiffs to complete service on Defendant Beji.

### III. Conclusion and Order

      For the reasons set forth above, the Court denies the motion to join DHHS (#11). It is further ordered that the time for Plaintiffs to complete service on Defendant Beji is extended to November 14, 2011. Given that extension, his motion to dismiss (#15) is moot.

      Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge